IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

vs.

BABUBHAI BHURABHAI RATHOD,

    Defendant

_____/

Case No. 1:18-CR-176 and 1-12-CR-17

HON. JANET T. NEFF

**MEMORANDUM IN SUPPORT OF MOTION
FOR RELEASE PENDING SENTENCING**

**1. Overview**

The defendant was originally detained on May 17, 2018 for supervised release violation proceedings.. Detention was ordered by the Magistrate Judge and the detention order was affirmed by this Court.

Following extensive discussions with the government, the defendant made the decision to resolve his case. A felony information has been filed charging the defendant with one count of health care fraud and one count of aggravated identity theft. The defendant has entered a guilty plea. Sentencing is now set for December 20, 2018.

The Final Revocation Hearing has also been set for December 20, 2018. The defendant will not contest the supervised release violations and will be requesting to be sentenced for the pending supervised release violations at the same time that he is sentenced based on his guilty plea to the new charges.

The defendant is respectfully asking this Court to consider releasing him pending sentencing on all pending matters.

## 2. Discussion

The standard for release on both matters is governed by 18 U.S.C. 3143(a), FRCrP 32.1 and FRCP 46.  The defendant has the burden of showing by clear and convincing evidence that he is neither a flight risk nor a danger to the community.

Specifically, the statute provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence...be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released.

18 U.S.C. 3143(a)

The Bail Reform Act provides in relevant part:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged...;
>
> (2) the weight of the evidence against the person...;
>
> (3) the history and characteristics of the person...; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

As to these factors:

A.  The defendant has pled guilty to health care fraud and aggravated identity theft.  The circumstances of these offenses are described in detail in the plea agreement;

3

B.  The defendant has pled guilty so that the weight of the evidence factor is not disputed;

C.  The defendant's criminal history is discussed *infra* as is the defendant's ties to the community.  The defendant was on supervised release at the time of the offense behavior.  He has been separately charged and will be sentenced for both the supervised release violations and the current criminal charges at the same time; and

D.  The defendant submits that he is not a danger to the community or to any other person.

The defendant respectfully asks this Court to consider the following additional factors:

A.  He was allowed release following his conviction in 2013.  He did not flee.  He was not a danger to the community.  He obeyed all of the conditions of his release.  He voluntarily reported to his designated institution as directed by this Court;

B.  The defendant has never been involved with firearms;

C.  The supervised release violation and his 2013 and 2018 pleas do not involve crimes of violence;

D.  The defendant's criminal history consists of a conviction in 2004 for assault and battery for which he received a 12 month term of probation.  He completed that sentence without incident.

In 2012, the defendant pled guilty to conspiracy to pay and receive health care kickbacks.  He was sentenced to 48 months in prison

The defendant has no other criminal history.

E.  The defendant has accepted responsibility for his most-recent criminal conduct.  He has entered a guilty plea.  He has proffered to the government on three occasions.  He is willing to continue trying to help the government.  If he were released, he could be more effective in proving assistance, including being able to locate and obtain financial records and other

4

documents;

F. The defendant will surrender his passport as a requested condition of pre-sentence release from custody;

G. Even though the defendant traveled outside of the country with permission, he always returned and always followed the terms of the permission he had been given;

H. Because of his guilty plea, many of the concerns expressed by the government when the defendant last sought release have been addressed. Among other things, he no longer has reason to be in contact with anyone else involved in his criminal activities. He has no reason to manipulate anyone or to lie about any of his activities. If called upon, he will assure the Court that he will be in compliance, and he will observe any restrictions deemed appropriate by the Court;[1]

I. The defendant has significant roots in Michigan. He has resided in Michigan since 1994. He is married. He and his wife, Shaila, have three children, Sagar, Manav, and Akash. The defendant is a naturalized citizen, and his three children were born in the United States. His entire family is aware of his current criminal problems, and remain supportive of him.

If called upon, they would testify to that support. They would also testify that they would assist the defendant in any way that they could to assure that he complied with any conditions of release. They would also testify that they do not believe that the defendant is a danger to the community or to any person. They would testify that it is their expectation that the defendant would use his time to assist with a number of family issues. Among those issues are:

---

[1] Many of the concerns expressed by the government were focused on what was then an on-going investigation into the defendant's activities. The government was concerned that the defendant might make efforts to impede that investigation. Those concerns are no longer pertinent because of the defendant's guilty plea. Because of that guilty plea, the defendant has every incentive to demonstrate his remorse and acceptance and to avoid any conduct that would be adverse to him in light of his upcoming sentencing proceeding.

1. The defendant's eldest son, Sagar, just graduated from Michigan State University and had plans to go to medical school. Those plans are on hold, and he now plans to go to work to help other members of the family deal with the family issues related to the defendant's incarceration. The defendant has always assisted Sagar and would provide whatever assistance he could so that his son can be successful in the short term and can re-position himself to continue his education in the long term;

2. There is another family issue relating to Sagar. In the defendant's culture, Sagar is of the age where children routinely marry. It is the cultural duty of the child's parents to oversee the selection of the child's spouse by arranging many connections through family and friends. The defendant would use his time to work with his wife to discharge this cultural responsibility;

3. The defendant's middle son Manav has just started at the University of Califoria (Berkley). He was his class Valedictorian as a high school student and has done well. Since the defendant and his wife cannot financially assist Manav, they need to seek other options for him so that he can continue his education. Education is an extremely important goal in the Indian culture, and both the defendant and his wife have successfully encouraged their children to be serious about their education. The children have responded positively. The defendant would, if released, work with his wife to identify options for their middle son so that he can continue his education;

4. The defendant's youngest son Akash is in his senior year in high school at Okemos High School. He is a 3.9 grade point student.[2] He is student body President and has participated

---

[2] Before December of 2018, Akash needs to submit his college applications. The defendant has always helped his children during the application process and would do the same for Akash if he is released pending sentencing.

in debates all over the country. The defendant, if released, would work with his wife to help Akash be in a position to pursue his education after he graduates;

5. The defendant has a cultural responsibility to assist his children in their education and their development. The defendant takes that responsibility very seriously. That serious responsibility is a reason to conclude that he would not be a flight risk nor a danger to the community or any other person; and

6. The defendant has been in custody since he was detained on the supervised release violation matter in May of this year. He had no time to prepare his family for the separation that they will experience as a result of his conduct. If released, he would do whatever he can legally and appropriately do to assist his family to prepare. This obligation and responsibility are additional reasons to conclude that he will not flee nor be a danger to the community or any other person.

J. If called upon, the defendant would testify that he has accepted responsibility for his conduct. He pled guilty. He has no intention of fleeing. He would be willing to accept any conditions that the Court deemed appropriate;

K. The defendant is in fair physical health involving blood pressure and other issues but has never been treated for any mental illness. He does have developing medical issues (such as a recent urology problem that he would hope to address before entering the federal prison system). At the county jail, he is having eating difficulties because the county jail, unlike the Bureau of Prisons, does not have programs which allow for a vegetarian diet or dietary restrictions related to cultural/religious reasons;

L. Finally, as to flight risk, the defendant has always appeared and has always obeyed the conditions of previous releases on bond. He did not flee in 2012 or 2013. Even after he had been

sentenced to 48 months in prison and knew that he was facing an approximate $1,000,000 financial penalty, he followed the orders of the Court and reported to prison as required. This prior history strongly supports the conclusion that he would obey any conditions of release that this Court deemed appropriate.

## Conclusion

For all of these reasons, the defendant respectfully asks this Court to allow him to be released pending sentencing. The defendant will accept any conditions that the Court deems necessary to assure that he will not be a flight risk or a danger to the community.

Respectfully submitted,

Grand Rapids, MI
September 5, 2018

 /s/ David A. Dodge
David A. Dodge (P22906)
Dodge & Dodge, P.C.
The Trust Building, Suite 845
40 Pearl Street NW
Grand Rapids, MI 49503
(616) 454-3834