UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BABUBHAI RATHOD,

    Defendant.

_____/

No. 1:12-CR-00017

Hon. Janet T. Neff
United States District Judge

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BABUBHAI BHURABHAI RATHOD,

    Defendant.

_____/

No. 1:18-CR-00176

Hon. Janet T. Neff
United States District Judge

## GOVERNMENT'S OPPOSITION TO
## MOTION FOR RELEASE PENDING SENTENCING

There is no greater economic threat than someone with a long history of fraud who seeks release to work out his financial difficulties. From his August 2013 kickback conviction until his May 2018 surrender in the supervised release case, defendant Babubhai Rathod engaged in document frauds, health care fraud, wire frauds, and, as discussed below, insurance fraud. Most of these schemes involved Mr. Rathod's use of other identities and aliases. On this record, Mr. Rathod cannot meet his burden of establishing, by clear and convincing evidence, that he is unlikely to flee or pose danger to others and the community. The Court should therefore deny his Motion for Release Pending Sentencing (the "Motion").

## BACKGROUND

On August 20, 2018, Mr. Rathod pleaded guilty to a Felony Information charging him with one count of health care fraud and one count of aggravated identity theft. Report and Recommendation, PageID.35. The health care fraud charge concerns Mr. Rathod's use of other identities to conceal his control of four health care providers, thus allowing those providers to bill Medicare and Medicaid at various times between July 2016 and May 2018. Felony Information, PageID.1–8. The aggravated identity theft charge concerns Mr. Rathod's use of another identity to fraudulently obtain a working capital loan for one of those providers, Advanced Medical Services, PLLC ("AMS"), certain proceeds of which he converted for his personal use. *Id.*

These were not the only frauds that Mr. Rathod perpetrated following his August 2013 conviction. *See* Government's Opposition to Defendant's Motion to Review Detention Decision of Magistrate Judge ("Govt. Opp."), 1:12-cr-00017 PageID.4289–4300 (citing, among other things, discrepant medical records that Mr. Rathod filed with the Court in 2013 and fraudulent medical records that he procured to enroll in the Residential Drug Abuse Program ("RDAP") at FCI Milan in 2014).[1] Nor were these the only schemes in which Mr. Rathod used aliases. The week before he surrendered in May 2018, for example, Mr. Rathod assumed other identities in connection with a separate insurance fraud.

While on supervised release in February 2017, Mr. Rathod posed as "Jackie Patel," AMS's nominal president, to insure the Rathods' personal vehicles—including a 2011 Audi Q5 (Mr. Rathod's personal car) and a 2016 Honda Civic (registered to Mr. Rathod's wife)—through AMS's corporate insurance policy. *See* E-mail from "Jackie Patel" to Shawn Nelson, Diebold Insurance

---

[1] The government incorporates its brief in the supervised release case, in its entirety, in further opposition to Mr. Rathod's Motion.

2

Agency (Feb. 23, 2017), attached hereto as **Exhibit A**; AMS Insurance Policy Excerpts, attached hereto as **Exhibit B**.[2] Because Mr. Rathod was still concealing his prohibited involvement with AMS as part of his ongoing health care fraud, he falsely listed another individual as the driver for those cars. Exhs. A, B. Insuring his family's personal vehicles through the AMS policy not only benefited Mr. Rathod personally, but carried the possibility of additional corporate tax benefits for AMS.

In February 2018, Mr. Rathod, again posing as "Jackie Patel," submitted a claim through AMS's insurance agent for damage to the 2016 Honda Civic. *See* E-mail from "Jackie Patel" to Shawn Nelson, Diebold Insurance Agency (Feb. 27, 2018), attached hereto as **Exhibit C**. In that e-mail, Mr. Rathod attached an estimate issued to "Mike Patel," one of Mr. Rathod's known aliases, at Mr. Rathod's phone number. *See id.* By using the alias "Mike Patel," Mr. Rathod avoided raising any red flags: he submitted the insurance claim as someone with the same last name (Patel) while concealing the driver's identity and his prohibited involvement with AMS.

On May 10, 2018—one week before he surrendered to the outstanding arrest warrant—Mr. Rathod again posed as "Jackie Patel" and e-mailed AMS's insurance agent to ask "why I did not receive Honda civi[c] payment . . . ." E-mail from "Jackie Patel" to Shawn Nelson, Diebold Insurance Agency (May 10, 2018), attached hereto as **Exhibit D**. The insurance agent confirmed that the claim was paid on or about April 9, 2018. *Id.* This claim was false, of course, because the vehicle was not a corporate car and the driver was not listed or covered under AMS's insurance policy.

---

[2] Mr. Rathod also insured his wife's 2017 Honda Odyssey minivan through the AMS policy. Shaila Rathod, however, was never listed as a covered driver. *See* Exhs. A, B.

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(a)(1), Mr. Rathod bears the burden of establishing "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."; *see also* FED. R. CRIM. P. 46(c).  Section 3143(a)(1) creates a presumption against release.  *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988); *see also United States v. Bowman*, No. 96-3845, 1996 WL 571135, at *1 (6th Cir. 1996) ("Release is no longer favored once guilt of a crime has been established."); *United States v. Rankin*, 289 F. Supp. 3d 846, 848 (S.D. Ohio 2017) (same).

**ARGUMENT**

**I.      Mr. Rathod Is An Economic Threat To Others And The Community.**

Mr. Rathod engaged in fraud and deception from the time he was release from federal custody until the moment he surrendered to authorities on May 17, 2018.  One week before he surrendered, Mr. Rathod posed as "Jackie Patel" to confirm payment on a false insurance claim. Exh. D.  Days later, after agents seized his phone on May 15, 2018, Mr. Rathod used other phone numbers to direct the creation of a false corporate document that was completed hours before he appeared in federal court.  Govt. Opp., 1:12-cr-00017 PageID.4291–4292.  Now, Mr. Rathod seeks release because he and his wife—who was implicated in Mr. Rathod's health care fraud scheme, Felony Information, PageID.4—need to identify options for children that they "cannot financially assist," Motion, PageID.43.  Mr. Rathod's professed financial distress, coupled with his long history of health care fraud, wire frauds, document frauds, and insurance fraud, make him a particularly acute economic threat to others and the community.

Mr. Rathod does not address this threat.  He instead states that he is not violent, has no reason to obstruct the government's ongoing investigations, and does not pose any other dangers.

4

Motion, PageID.41–44. As compared to the host of frauds he committed on supervised release—frauds that only seemed to end once he was detained—Mr. Rathod's promises are insufficient to meet his burden under § 3143(a)(1). *See United States v. Jinwright*, No. 3:09-cr-00067, 2010 WL 2926084, at *4 (W.D.N.C. July 23, 2010) (holding that the defendant "certainly [fell] short of satisfying the heavy burden of proof set forth in the statute" when he "summarily argue[d] that he [did] not pose a danger to the economic safety of the community").

II.     **Mr. Rathod Is A Flight Risk.**

Mr. Rathod pleaded guilty to new charges that, together with his potential sentence in the supervised release case, exposes him to a maximum of 14 years in prison. *Rankin*, 289 F. Supp. 3d at 849 ("[T]he potential sentence a defendant faces is a weighty consideration in making post-conviction detention determinations."). He has the incentive to flee, family connections in India, and a demonstrated ability to secure tens of thousands of dollars, within days, using other identities. Govt. Opp., 1:12-cr-00017 PageID.4296–4297. Mr. Rathod also went to great lengths to avoid incarceration in his last case. He filed dubious medical documentation to delay reporting to FCI Milan and, after reporting, procured false medical records in an effort to enroll in RDAP and shorten his prison sentence. *Id.*, PageID.4289 n.1, 4293–4294. Finally, Mr. Rathod routinely traveled outside the district without notice or permission while on supervised release, including as recently as May 2018. Govt. Opp., 1:12-cr-00017 4296–4297. These considerations make Mr. Rathod a flight risk. *See United States v. Hall*, No. 5:11-cr-34, 2012 WL 12952724, at *2 (N.D. W.Va. Feb. 8, 2012) (finding that the defendant was a flight risk because, among other things, he traveled outside the state on two occasions without permission).

Mr. Rathod's argument—that he did not flee in 2012 or 2013—ignores years of his more recent misconduct. Motion, PageID.44. Mr. Rathod cannot meet his standard of proof through a

5

selective review of his record and intermittent periods of compliance. Mr. Rathod's paternal obligations are also insufficient to carry his burden in light of his documented refusal to abide by Court-ordered conditions of supervision. *See, e.g.*, *Rankin*, 289 F. Supp. 3d at 850 ("Strong family and community ties are relevant to a defendant's risk of flight, but they are rarely dispositive of the issue, especially where a statutory presumption in favor of detention arises.") (citation omitted); *see also United States v. Adenuga*, No. 3:12-cr-313, 2014 WL 349568, at *5–*6 (N.D. Tex. Jan. 31, 2014) ("Defendants' desire to be released to arrange for their [minor] children's care going forward does not itself meet their heavy burdens to show by clear and convincing evidence that she or he is not a flight risk").

## CONCLUSION

For the reasons discussed above, and for the reasons discussed in its last opposition, the government respectfully submits that Mr. Rathod is not a suitable candidate for release.

Dated: September 19, 2018

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

/s/ *Adam B. Townshend*
ADAM B. TOWNSHEND
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of Michigan
P.O. Box 508
Grand Rapids, MI 49503
Tel: (616) 808-2130
E-mail: adam.townshend@usdoj.gov