UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BABUBHAI BHURABHAI RATHOD,

    Defendant.

_____/

No. 1:18-CR-00176

Hon. Janet T. Neff
United States District Judge

## MOTION FOR AN ORDER OF FORFEITURE FOR A MONEY JUDGMENT AND A PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

Plaintiff, the United States of America, by Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Adam B. Townshend and Joel S. Fauson, Assistant U.S. Attorneys, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment and a Preliminary Order of Forfeiture for Substitute Assets for the reasons set forth more fully below and in the accompanying memorandum of law.

1.    On August 14, 2018, the government filed a Felony Information against Defendant Babubhai Bhurabhai Rathod, charging him with one count of health care fraud, in violation of 18 U.S.C. § 1347, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Felony Information, PageID.1–8. The Felony Information included a forfeiture allegation, which placed Mr. Rathod on notice of the government's intention to seek a money judgment equal to an amount that represented the gross proceeds traceable to his violation of 18 U.S.C. § 1347. *Id.* The government indicated that the amount of the money judgment would be based on a future stipulation of the parties or through the Court's determination of the amount at an appropriate hearing. *Id.* The forfeiture allegation also put Mr. Rathod on notice that, pursuant to 21 U.S.C.

§ 853(p), the United States would seek the forfeiture of substitute assets to collect against the money judgment.

2. On August 20, 2018, Mr. Rathod pleaded guilty to the Felony Information. As part of his plea agreement, Mr. Rathod consented to the entry of a forfeiture money judgment in an amount that represents the gross proceeds that he obtained, directly or indirectly, as a result of the health care fraud offense. The plea agreement provided that the amount of the forfeiture money judgment would either be agreed upon by the parties prior to sentencing or determined by the Court at an appropriate hearing. Plea Agreement, PageID.11–27 (Paragraph 5). Mr. Rathod further agreed that the United States was entitled to the forfeiture of substitute property under the conditions specified in the Felony Information, which recites the conditions set forth in 21 U.S.C. § 853(p)(1). *Id.*

3. By virtue of Mr. Rathod's guilty plea and plea agreement, the United States now requests an Order of Forfeiture imposing a money judgment against Mr. Rathod in the amount of at least $939,795.89, which represents a conservative calculation of the total reimbursements that Medicare and Medicaid paid the health care providers identified in the Felony Information— Advanced Medical Services, PLLC (d/b/a Advanced Sleep Diagnostics of Michigan), Sleep Diagnostics of Michigan, P.C., EZ Sleep Supplies LLC, and Paramount Home Care, Inc.—during the time period of Mr. Rathod's ownership or control of those entities:[1]

---

[1] After Mr. Rathod adjourned his original sentencing date in December 2018, HHS-OIG agents discovered approximately $534,100.95 in additional Medicare reimbursements to Advanced Medical Services for dates of service between November 4, 2016 and May 25, 2018. The government disclosed these additional Medicare reimbursements as part of the presentence report process. Government's Response to PSR, PageID.268–69. Consistent with the parties' stipulation in the Plea Agreement, however, the government maintains that the fraud loss for purposes of U.S.S.G. § 2B1.1 is less than $1,000,000.00. Plea Agreement, PageID.22 (Paragraph 10).

| Entity | Dates of Service | Payer | Total Reimbursements |
|---|---|---|---|
| Advanced Medical Services | 7/5/2016 – present | Medicaid | $393,097.89 |
| Sleep Diagnostics of Michigan | 7/5/2016 – present | Medicaid | $223,021.23 |
| EZ Sleep Supplies | 3/24/2017 – present | Medicaid | $74,447.83 |
| Paramount Home Care | 9/15/2017 – present | Medicare | $249,228.94 |
| | | **Total** | $939,795.89 |

*See* 18 U.S.C. § 982(a)(7); *United States v. Poulin*, 461 F. App'x 272, at *13 (4th Cir. 2012) ("[I]n § 982(a)(7), 'gross proceeds' is properly interpreted to include the total amount of money brought in through the fraudulent activity, with no costs deducted or set-offs applied."); *see also United States v. Ahmed*, No. 14-cr-277, 2017 WL 3149336, at *15 (E.D.N.Y. July 25, 2017) (noting that because "[§ 982(a)(7)] calls for forfeiture of 'gross' and not 'net' proceeds, Defendant is not entitled to receive the value of the procedures he conducted that were upcharged"); *United States v. Jafari*, 85 F. Supp. 3d 679, 685 (W.D.N.Y. Jan. 16, 2015) (finding that "if the Government proves the amount of the gross proceeds of the fraud, it is entitled to a money judgment in that amount" under § 982(a)(7), without any set-off for the value of services rendered) (quotation omitted).

4. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Federal Rule of Criminal Procedure 32.2(b)(1) and (c)(1). Such orders of forfeiture are commonplace. *See, e.g.*, *United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (authorizing a forfeiture money judgment regardless of whether a defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Abdelsalam*, 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *Jafari*, 85 F. Supp. 3d at 685 (recognizing that personal money judgments are authorized under § 982(a)(7)). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with substitute assets.

5. The government submits that the principal forfeitable assets in this case are

unavailable for the reasons set forth in 21 U.S.C. § 853(p)(1), the Felony Information, and Mr. Rathod's plea agreement. Specifically, property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of Mr. Rathod's health care fraud scheme (1) cannot be located upon the exercise of reasonable diligence; and (2) by Mr. Rathod's acts or omissions, has otherwise been:

    a.    Commingled with other funds and transferred to, or deposited with, accounts in the name of Mr. Rathod's wife and his affiliated entities, including Shakti Estate, LLC;

    b.    Transferred to Mr. Rathod's affiliated entities, wired to India, and therefore placed beyond the jurisdiction of this Court; or

    c.    Commingled with other property that cannot be divided without difficulty, transferred between Mr. Rathod's various health care companies and his affiliated entities, and subsequently disbursed out of those bank accounts.

6.    In addition to seeking a money judgment in an amount equal to the gross proceeds of Mr. Rathod's health care fraud offense, the government is therefore seeking the forfeiture of a substitute asset pursuant to 21 U.S.C. § 853(p). The forfeiture of the substitute asset will constitute partial satisfaction of the money judgment, up to the value of the substitute asset. The property subject to forfeiture as a substitute asset includes the following:

<u>Real Property</u>

Real property commonly known as 4478 Dowling Street, Montague, Michigan, more fully described as:

BEING PART OF GOVERNMENT LOT 4 DESCRIBED AS FOLLOWS: COMMENCE AT A POINT ON THE NORTHERLY LINE OF BRIDGE STREET-U.S. 31, BEING 33 FEET NORTH OF AND PARALLEL TO CENTERLINE, 46.5 FEET SOUTHEASTERLY OF THE SOUTHEAST CORNER OF LOT 12, BLOCK 8 OF THE CITY OF MONTAGUE; THENCE SOUTHEASTERLY ON AND ALONG THE NORTHERLY LINE OF BRIDGE

       ST.-U.S. 31, 320 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTHEASTERLY ON AND ALONG THE NORTHERLY LINE OF BRIDGE ST.-U.S. 31, 150 FEET; THENCE NORTHEASTERLY AND AT RIGHT ANGLES TO AFORESAID LINE 140 FEET; THENCE NORTHWESTERLY AND AT RIGHT ANGLES 150 FEET; THENCE SOUTHWESTERLY AND AT RIGHT ANGLES 140 FEET TO THE POINT OF BEGINNING, SECTION 21, TOWN 12 NORTH RANGE 17, WEST.

       Parcel No. 61-31-021-300-001200

       Titled in the name of: Shakti Estate, LLC

       7.     Shakti Estate, LLC—the record owner of the property listed in Paragraph 6—is a limited liability company organized in the name of Mr. Rathod's wife, Shaila Rathod. Shakti Estate was not only connected to Mr. Rathod's criminal activity in this case, but, due to Mr. Rathod's control and dominion over that entity and its assets, is Mr. Rathod's alter ego. The Court should therefore find that Mr. Rathod personally has a legally cognizable interest in property owned by Shakti Estate, listed in Paragraph 6, which is therefore forfeitable as a substitute asset under 21 U.S.C. § 853(p).

       WHEREFORE, by virtue of a plea of guilty that has been accepted by this Court, and Mr. Rathod's stipulation to the entry of a money judgment and to the forfeiture of substitute assets, the United States respectfully requests that the Court enter a money judgment against Mr. Rathod in the amount of at least $939,795.89. The United States further requests a preliminary order of forfeiture for substitute assets to forfeit the property listed in Paragraph 6 for application toward the money judgment. A proposed order is submitted for the Court's consideration.

                                                          Respectfully submitted,

                                                          ANDREW BYERLY BIRGE
                                                          United States Attorney

Dated: March 12, 2019            /s/ *Adam B. Townshend*
                                                          ADAM B. TOWNSHEND
                                                          JOEL S. FAUSON
                                                          Assistant U.S. Attorneys
                                                          U.S. Attorney's Office, Western District of Michigan
                                                          P.O. Box 208
                                                          Grand Rapids, MI 49501
                                                          Tel: (616) 456-2404