UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,                        Case No. 18-cr-00176-JTN

v.                                       Hon. Janet T. Neff

**D-1.  BABUBHAI RATHOD,**

        Defendant.

---

**DEFENDANT BABUBHAI RATHOD'S RESPONSE TO GOVERNMENT'S MOTION FOR AN ORDER OF FORFEITURE FOR A MONEY JUDGMENT AND A PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS [ECF No. 56], AND REQUEST FOR HEARING PURSUANT TO FED. R. CRIM. P. 32.2(b)(1)(B)**

NOW COMES Defendant, BABUBHAI RATHOD, by and through his undersigned counsel, and hereby submits his response to the Government's Motion for an Order of Forfeiture for a Money Judgment and a Preliminary Order of Forfeiture for Substitute Assets [ECF No. 56]. Additionally, the Defendant renews his Motion to Continue Sentencing and Supervised Release Violation Hearing [ECF No. 52] and respectfully requests a hearing to determine forfeiture under Fed. R. Crim. P. 32.2(b)(1)(B).

Mr. Rathod objects to the Government's Motion for an Order of Forfeiture imposing a money judgment in the amount of at least Nine-Hundred-Thirty-Nine-Thousand-Seven-Hundred-Ninety-Five ($939,795.89) Dollars and Eighty-Nine Cents attributing all reimbursements paid by Medicare and Medicaid to the health care providers in the Information, and requests a hearing pursuant to Fed. R. Crim. P. 32.2(b)(1)(B). The reimbursements were paid to the entities, not "proceeds [Mr. Rathod] obtained, directly, or indirectly, as a result" of the health care violations for which he has pleaded guilty. 21 U.S.C. § 853(a)(1). The appropriate forfeiture money

judgment should be in the amount Mr. Rathod acquired, not the total of reimbursements to the health care providers.

Pursuant to Fed. R. Crim. P. 32.2(b)(1)(B), Mr. Rathod requests a hearing for the Court to determine the amount of the personal money judgment, if any, he will be ordered to pay. For a preliminary order to be entered, the Court must determine what property is subject to forfeiture first. Fed. R. Crim. P. 32.2(b)(1)(A). If forfeiture is contested, the Court must conduct a hearing to determine what property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(B). Upon that determination, the Court then enters a preliminary order of forfeiture allowing sufficient time for the parties to suggest revisions or modifications before the forfeiture order becomes final at sentencing. Fed. R. Crim. P. 32.2(b)(2)(A) and (B).

Conducting a hearing to determine the amount of forfeiture or what property is subject to forfeiture "sufficiently in advance of sentencing" also protects third-party rights. While the Court need not consider any third-party rights when entering the preliminary order, the Government is required "publish notice of the order and send notice to any person who reasonably appears to be a potential claimant." Fed. R. Crim. P. 32.2(b)(6)(A). The preliminary order becomes final as to the defendant at sentencing; however, if it "directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded." Fed. R. Crim. P. 32.2(b)(4)(A).

WHEREFORE, based on the foregoing, Defendant BABUBHAI RATHOD respectfully requests that the Government's Motion for an Order of Forfeiture for a Money Judgment and a Preliminary Order of Forfeiture for Substitute Assets [ECF No. 56] be **DENIED**. Defendant also renews his Motion to Continue Sentencing and Supervised Release Violation Hearing [ECF No. 52] and requests that a hearing to determine forfeiture under Fed. R. Crim. P. 32.2(b)(1)(B) be set

3

for March 28, 2019 and a new date for sentencing be scheduled, at which time the order of forfeiture will become final.

                                        Respectfully Submitted,
                                        CHAPMAN LAW GROUP

Dated:  March 20, 2019          /s/ *A. Summer McKeivier*
                                        A. Summer McKeivier (P83277)
                                        Ronald W. Chapman II, L.L.M. (P73179)
                                        *Counsel for Defendant Rathod*
                                        1441 West Long Lake Road, Ste. 310
                                        Troy, MI  48098
                                        T: (248) 644-6326
                                        F: (248) 644-6324
                                        smckeivier@chapmanlawgroup.com
                                        rwchapman@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on March 20, 2019, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to any involved non-participants.

/s/ *A. Summer McKeivier*
A. Summer McKeivier (P83277)
*Counsel for Defendant Rathod*
1441 West Long Lake Road, Ste. 310
Troy, MI  48098
(248) 644-6326
smckeivier@chapmanlawgroup.com