UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BABUBHAI BHURABHAI RATHOD,

    Defendant.
_____/

No. 1:18-CR-00176

Hon. Janet T. Neff
United States District Judge

**PRELIMINARY ORDER OF FORFEITURE**

This matter came before the Court on the motion of the United States to enter a personal money judgment against Defendant Babubhai Bhurabhai Rathod in the amount of $939,795.89 and to forfeit property of Defendant as a substitute asset to partially satisfy the money judgment.

WHEREAS, on August 14, 2018, the United States filed a Felony Information charging Mr. Rathod with health care fraud, in violation of 18 U.S.C. § 1347, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  A forfeiture allegation relating to the health care fraud count contained notice to Mr. Rathod that under 18 U.S.C. § 982(a)(7), the United States would seek the forfeiture of any property, real or personal, which constitutes or is derived from gross proceeds traceable to the offense, including, but not limited to, a sum of money equal to the gross proceeds of the health care fraud offense.  Mr. Rathod entered a plea of guilty to the Felony Information on August 20, 2018;

WHEREAS, having reviewed this matter, the Court finds that the government has met its burden to prove that the amount of gross proceeds obtained by Mr. Rathod to be $939,795.89.  The Court finds $939,795.89 to be the amount of gross proceeds obtained by Mr. Rathod as a result of the health care fraud offense;

WHEREAS the Court finds that, because of the acts or omissions of Mr. Rathod, the gross proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p); and

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p), the Court finds that the United States is entitled to an order forfeiting other property of Mr. Rathod as a substitute for the unavailable property.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p):

    a. **A sum of money in the amount of $939,795.89, which represents the gross proceeds of the health care fraud offense charged in Count One of the Felony Information, and which sum shall constitute a money judgment against Defendant in favor of the United States.**

    b. **Real property commonly known as 4478 Dowling Street, Montague, Michigan, which is further described as follows:**

       **Being Part of Government Lot 4 described as follows: Commence at a point on the Northerly line of Bridge Street-U.S. 31, being 33 feet North of and parallel to centerline, 46.5 feet Southeasterly of the Southeast corner of Lot 12, Block 8 of the City of Montague; thence Southeasterly on and along the Northerly line of Bridge St.-U.S. 31, 320 feet to the Point of Beginning; thence continuing Southeasterly on and along the Northerly line of Bridge St.-U.S. 31, 150 feet; thence Northeasterly and at right angles to aforesaid line 140 feet; thence Northwesterly and at right angles 150 feet; thence Southwesterly and at right angles 140 feet to the Point of Beginning, Section 21, Town 12 North Range 17, West.**

2. A money judgment in the amount of $939,795.89 shall be included in the sentence of Mr. Rathod, and the United States may take steps to collect said judgment from any assets of Mr. Rathod by all available means.

3. The United States is authorized to seize all forfeited property and shall take full and exclusive custody of the same.

4. The United States shall, to the extent practicable, provide direct written notice to any persons known to have an alleged interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

5. Any person, other than Mr. Rathod, asserting any legal interest in the property may, within thirty (30) days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property.

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with the law.

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this order, the U.S. Attorney's Office is authorized to conduct any appropriate discovery, including depositions, interrogatories, requests for production of documents, and for admissions, and the issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45, to identify, locate, or dispose of forfeitable property.

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.

DATED:   March 28, 2019            /s/ Janet T. Neff
                                   HON. JANET T. NEFF
                                   United States District Judge